IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Arnold J. Malerman<br>a/k/a Arnold J. Malerman, DDS, PC<br>Joyce M. Malerman<br>a/k/a Joyce F. Malerman<br>        Debtors. | Chapter 7<br><br>Bankruptcy No. 19-17375 (AMC) |
| Deutsche Bank National Trust Company as<br>Trustee for HSI Asset Securitization Corporation<br>Trust 2007-OPT1, Mortgage Pass-through<br>Certificates, Series 2007-OPT1,<br>                  Movant,<br><br>        v.<br><br>Arnold J. Malerman<br>a/k/a Arnold J. Malerman, DDS, PC<br>Joyce M. Malerman<br>a/k/a Joyce F. Malerman<br>    and<br>Gary Francis Seitz (Trustee)<br><br>                Respondents. | |

**RESPONSE AND OBJECTION OF DEBTORS TO MOTION OF DEUTSCHE BANK
NATIONAL TRUST COMPANY AS TRUSTEE FOR HSI ASSET SECURITIZATION
CORPORATION TRUST 2007-OPT1, MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2007-OPT1 FOR RELIEF FROM THE AUTOMATIC STAY
<u>PURSUANT TO 11 U.S.C. § 362(d)</u>**

Debtors, Arnold J. Malerman and Joyce F. Malerman, by and through their undersigned counsel, hereby respond and object to the Motion ("Motion") of Deutsche Bank National Trust Company as Trustee for HSI Asset Securitization Corporation Trust 2007-OPT1, Mortgage Pass-through Certificates, Series 2007-OPT1 ("Deutsche") pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001, as follows:

**Jurisdiction**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334, and 157(a) and (b)(2)(G). Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. § 1409. This matter arises under section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001.

**Procedural Background**

2. On November 25, 2019 ("Petition Date") the Debtors filed a voluntary petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code.

3. On January 3, 2020, the Debtors attended the section 341 meeting of creditors, and the Trustee concluded this meeting and sought to be discharged from his duties.

4. On January 16, 2020, Deutsche filed the Motion, seeking to terminate the automatic stay under section 362(d)(1) of the Bankruptcy Code for "cause" to proceed with the state court foreclosure action ("Foreclosure Action") described in the Motion that was filed against the Debtors to foreclose on their home, located at 840 Timber Lane, Upper Dublin, PA 19025 ("Property").

**Factual Background**

5. On the Petition Date, the value of the Property was listed on the Debtors' Petition and Schedules of Assets and Liabilities ('Schedules") as $302,391.

6. On December 16, 2019, the Pennsylvania Department of Revenue ("PDOR") filed a proof of claim in the Debtors' case, claiming that the Debtors owe it unsecured priority claims and general unsecured claims totaling $10,282.24. Therefore, the PDOR has not claimed any secured rights to the Property.

7. Prior to the Petition Date, the Internal Revenue Service (IRS) filed numerous liens on the Property, which are listed on the Schedules in the total amount of $111,074.93, covering the period of December 31, 2006 through June 30, 2014.

8. The IRS has not filed a proof of claim in the Debtors' case to date.

9. Prior to the Petition Date, the IRS levied the monthly social security payments ("Social Security Payments") made to the Debtor, Arnold Malerman. In 2019, the monthly amount levied was $355.95, as reflected on the monthly IRS levy statements ("Levy Statements") received by the Debtor and as noted in the Schedules.

10. The Levy Statement dated April 2019 noted that the periods covered by the levy were both March 2012 and September 2012. Based on the Levy Statements dated May 2012 through September 2012, the IRS continued to levy for the period of September 2012. Collectively, the 2019 Levy Statements received by the Debtor are attached hereto as Exhibit A. Based on the continued levy of $355.95 a month for October and November, 2019, as noted in the Schedules, the total amount levied for September 2012 was $2735.14, leaving $806.03 due, based on the lien amounts for this quarter recorded in the Montgomery County Docket ("Montco Docket"). Accordingly, the Debtors have reason to believe that the IRS levied the total amount of $54,568.64 from the Social Security Payments prior to the Petition Date, and that the total IRS taxes due on the Property currently total $56,506.29.

11. The Motion provides that, as of January 15, 2020, the mortgage payoff ("Payoff") due by the Debtors for the Property is $378,129.45.

12. Since the Petition Date, the value of the Property has increased in value to approximately $445,482, as listed in the Zillow database, a February 2, 2020 screenshot of which is attached hereto as Exhibit B. This reflects an increase of approximately $143,000.

3

13. Comparable sale values in 2019 of homes in the same style as the Property, and built by the same builder in the neighborhood, with some on the same block, have been as follows, as listed on a February 2, 2020 Zillow screenshots compiled in the attached Exhibit C:

    a. $400,000 (no upgrades in home)

    b. $450,000 (833 Timber Lane)

    c. $469,000

    d. $469,000

Other sale values for 2019 and 2020 of neighboring homes not built by the same builder are also listed in Exhibit C.

14. In addition, prior to the Petition Date, the Debtors made improvements to the Property over time as follows:

    a. Enlarged and remodeled the kitchen and dining room.

    b. Upgraded the bathrooms.

    c. Installed the pool, and recently repaired it for sale.

15. Since the Petition Date, the Debtors have expended their funds to repair the basement of the Property so that it no longer leaks, and continue to make other repairs to the Property to prepare it for sale in the next several months. During the month of December, the Debtor, Arnold Malerman, had heart surgery, which slowed down his ability to continue working on the Property, but he is back on the path to getting it ready for sale. At this juncture, the Debtors are completing cosmetic repairs to the Property, such as stripping wallpaper, painting and fixing minor items to prepare for sale. They are also removing clutter and furniture to stage the home for sale.

16. Based on current comparable Zillow valuations and discussions with their Realtor who has been assisting them with the preparation for sale, the Debtors believe that they can sell the Property for the approximate amount of $450,000.

17. A sale of the Property for the potential amount of $450,000 would result in paying the entire Payoff amount due Deutsche, after payment of the IRS taxes due.

**Relief Requested**

18. Pursuant to section 362(d)(1) of the Bankruptcy Code, a court may grant relief from the automatic stay to foreclose on property for "cause, including the lack of adequate protection of an interest in property." 11. U.S.C. §362(d)(1). Deutsche bank cites this ground for its relief in the Motion.

19. However, Deutsche does not show that it is lacking adequate protection, as the Property has gone up in value by more than $100,000 in the last year, and it continues to go up based on the comparable market for residential homes within the neighborhood in which the Property is located.

20. Moreover, the Debtors are working to enhance this value by taking the steps and expending the time and funds to make necessary repairs, and properly stage the Property for sale.

21. If this Courts grants the Motion, the Debtors will be required to expend time and funds defending the Foreclosure Action, instead of focusing solely on preparing the Property for sale, which the automatic stay grants them as part of their Chapter 7 fresh start, until the case closes in the ordinary course.

22. At the same time, if this Court denies the Motion, Deutsche will remain adequately protected until the case closes, based on the current market value of the Property and upward market trend that is evidenced by comparable values of recent sales.

23. Accordingly, pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001, the Debtors hereby respectfully object to the Motion and request that this Court deny the Motion.

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an Order pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001:

(a) denying the Motion, and

(b) granting such other and further relief as this Court deems just and proper.

February 3, 2020

Respectfully submitted,

E. CAROLYN HOCHSTADTER DICKER, LLC

By: **/s/*Carolyn Hochstadter Dicker***
Carolyn Hochstadter Dicker, Esquire
Pa. Id. No.: 78290
1528 Walnut Street, Suite 511
Philadelphia, PA 19102
Phone: 609-315-2787
carolyn@hochstadterdicker.com

Attorneys for the Debtors,
Arnold J. Malerman and Joyce M. Malerman